KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lon Roger Coleman, | No. CV 11-1468-PHX-DGC (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Lon Roger Coleman, who is confined in the Arizona State Prison-Kingman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. In a September 7, 2012 Order, the Court dismissed the Petition as premature because Petitioner had a petition for post-conviction relief pending before the Maricopa County Superior Court. The Clerk of Court entered Judgment on September 7, 2011.

On April 25, 2012, Plaintiff filed a Motion to Appoint Counsel and Motion for Reconsideration (Doc. 7) and a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 8). On April 30, 2012, Plaintiff filed a Motion to Expedite Ruling on Request for Temporary Restraining Order (Doc. 10).

**I.     Motion to Appoint Counsel and Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff asks that the Court reopen this action

because he has not received notice of any action on his state court petition and believes his state court proceedings have concluded. This is not a proper basis for reconsideration of the September 2011 dismissal of Petitioner's habeas action because Petitioner's state court proceedings were still in progress when the habeas action was dismissed. If Petitioner wishes to raise his habeas claims, he must do so in a new petition, filed in a new case. The Court will deny Petitioner's Motion for Reconsideration. The Court will deny as moot the request for counsel.

**II.     Motion for Preliminary Injunction and Temporary Restraining Order**

In his Motion for Preliminary Injunction, Plaintiff seeks an order requiring prison officials to treat Plaintiff's mental health issues. The Court will deny the Motion because Plaintiff's claims are not properly before the Court. First, this case is closed. Second, Plaintiff cannot raise claims challenging his conditions of confinement in a habeas action. If Plaintiff seeks to challenge the conditions of his confinement, he must bring his claims in a new action filed pursuant to 42 U.S.C. § 1983.

**IT IS ORDERED:**

(1)     Plaintiff's April 25, 2012 Motion to Appoint Counsel and Motion for Reconsideration (Doc. 7) is **denied**.

(2)     Plaintiff's April 25, 2012 Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 8) is **denied**.

(3)     Plaintiff's April 30, 2012 Motion to Expedite Ruling (Doc. 10) is **denied** as moot.

(4)     This case must remain **closed**.

DATED this 4th day of June, 2012.

David G. Campbell
United States District Judge